UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YITZCHAK SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23 CV 955 CDP |
| | ) |
| TISHAURA ONEDA JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Yitzchak Simon was formerly employed at St. Patrick's Center (SPC) as a Coordinated Street Outreach Worker. He brings this civil rights action alleging that SPC terminated his employment in response to a threat made by defendant Tishaura Oneda Jones, Mayor of the City of St. Louis. Specifically, he alleges that the Mayor threatened to withhold government funding from SPC because of Simon's protected speech made at and during the City's decommissioning of a homeless encampment near the Riverfront on March 24, 2023. Simon asserts that the City's then-Director of Human Services, defendant Yusef Scoggin, provided the information to Mayor Jones regarding Simon's speech and purported actions that formed the basis for the Mayor's threats. In Counts I through III of his amended complaint, Simon brings claims under 42 U.S.C. § 1983 against both Jones and Scoggin in their official and individual

capacities, alleging First Amendment retaliation, civil conspiracy, and violation of due process.  In Count IV of the amended complaint, Simon brings an alternative claim under state law, alleging that Jones and Scoggin tortiously interfered with his employment relationship or agreement.  Defendants move for summary judgment on all claims.

Upon careful review of defendants' motion and the materials and briefs submitted in support of each side's position, I will grant summary judgment to both defendants on Count II (conspiracy) in its entirety.  I will also grant summary judgment to both defendants on the claims raised in Counts I (retaliation) and III (due process) to the extent those claims are brought against them in their official capacities.  I will deny summary judgment to the extent Counts I and III are brought against the defendants in their individual capacities, as genuine issues of material fact remain in dispute between the parties on the claims and on defendants' assertion of qualified immunity.  Finally, because genuine issues of material fact remain on Simon's state law claim of tortious interference raised in Count IV, I will deny summary judgment on that claim as well.

Count II

I will grant defendants summary judgment on the § 1983 claim of civil conspiracy raised in Count II of the amended complaint.  To the extent the claim is brought against the defendants in their official capacities, I first note that a claim

against a public official in his or her "official capacity" is simply "another way of pleading an action against [the governmental] entity of which [the] officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Consequently, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Therefore, Simon's conspiracy claim against Jones and Scoggin in their official capacities is a claim against the City. *Id.*; *see also Burbridge v. City of St. Louis, Mo.*, 430 F. Supp. 3d 595, 621 n.20 (E.D. Mo. 2019).

The intracorporate conspiracy doctrine recognizes that a legal entity and its agents, when acting in their official capacities, are a single "person" that cannot conspire with itself. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017); *Brimager v. City of Moscow Mills*, 706 F. Supp. 3d 838, 849 (8th Cir. 2023) (citing *L.L. Nelson Enters. v. Cnty. of St. Louis*, 673 F.3d 799, 812 (8th Cir. 2012)). *See also Kelly v. City of Ohama, Neb.*, 813 F.3d 1070, 1078 (8th Cir. 2016) ("a conspiracy by its nature involves multiple parties"). Although the Eighth Circuit has not yet applied the doctrine to conspiracy claims under 42 U.S.C. § 1983, it has nevertheless held in the § 1985 context that a local government entity cannot conspire with itself through its agents acting in their official capacities. *Id.*; *L.L. Nelson*, 673 F.3d at 812. In the circumstances of this case, the reasoning applies equally to Simon's § 1983 conspiracy claim against Jones and Scoggin in their official capacities. *See*

*Jackson v. City of Cleveland*, 925 F.3d 793, 818-20 (6th Cir. 2019). As Simon's conspiracy claim against Jones and Scoggin in their official capacities is a claim against the City, and the City cannot conspire with itself, I will grant summary judgment to Jones and Scoggin on the claim.

Jones and Scoggin are also entitled to qualified immunity to the extent Simon brings his § 1983 conspiracy claim against them in their individual capacities. Given the uncertain applicability of the intracorporate conspiracy doctrine to § 1983 conspiracy claims, *see Street v. Leyshock*, 41 F.4th 987, 900 (8th Cir. 2022) (citing *Faulk v. City of St. Louis, Mo.*, 30 F.4th 739, 749 (8th Cir. 2022)), I cannot say that Jones and Scoggin would have known with any certainty that their alleged *agreement* to retaliate against Simon by threatening his employer's funding was clearly forbidden by law such that they would be exposed to liability for a § 1983 *conspiracy* claim. *See Faulk*, 30 F.4th at 750.

Accordingly, I will grant defendants Jones and Scoggin summary judgment on the entirety of the conspiracy claim raised in Count II of the amended complaint.

Counts I and III – Official Capacity

As set out above, Simon's claims against Jones and Scoggin in their official capacities are claims against the City. *Graham*, 473 U.S. at 165; *Burbridge*, 430 F. Supp. 3d at 621 n.20. "[A] local government is liable under § 1983 for its policies

- 4 -

that cause constitutional torts.  These policies may be set by the government's lawmakers, 'or by those whose edicts or acts may fairly be said to represent official policy.'" *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784 (1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  "Municipal liability 'may be imposed for a single decision by municipal policymakers' who possess 'final authority to establish municipal policy with respect to the action ordered.'" *Hamilton v. City of Hayti*, 948 F.3d 921, 929 (8th Cir. 2020) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (majority opinion)).  "[T]he challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion) (citing *Pembaur*, 475 U.S. at 482-83, and n.12, (plurality opinion)).  *See also Felts v. Green*, 91 F.4th 938, 942 (8th Cir. 2024).

Simon does not present any argument or evidence disputing defendants' showing that, as Director of the Department of Human Services, Scoggin was neither a lawmaker nor possessed final authority to establish municipal policy with respect to distributing public funds to non-profit organizations.  In short, there is no evidence demonstrating that Scoggin's official responsibilities included making official policy for the City.  Scoggin is therefore entitled to summary judgment to the extent Counts I and III of the amended complaint assert § 1983 claims against

him in his official capacity.

Likewise, Simon fails to present any argument or evidence disputing defendants' showing that Jones did not possess unilateral, final decision-making authority regarding the receipt or withholding of public funds to non-profit organizations, including SPC. Although as Mayor, Jones is the chief executive officer of the City and may subject the City to liability under *Monell* for certain unilateral actions, the undisputed evidence shows that the official decision to provide funding to certain non-profits is made by a committee comprising representatives of the Mayor's Office, the Board of Aldermen, and the Comptroller's Office; is based upon the committee's review of applications and bids, upon which it makes recommendations to the Board of Estimate and Apportionment (BEA); and that the BEA then determines whether to approve the committee's recommendations and disburse funding. The Mayor is one of three members of the BEA. Consequently, while the Mayor has input and could possibly influence the BEA's final decision, it cannot be said on the information before the Court that funding decisions are hers alone to make and thus that her alleged singular threat to withhold funding from SPC represented an official policy of the City. I will therefore grant summary judgment to defendant Jones to the extent Counts I and III of the amended complaint assert § 1983 claims against her in her official capacity.

Counts I and III – Individual Capacity

Defendants contend that they are entitled to qualified immunity on Simon's individual-capacity claims of First Amendment retaliation and violation of due process raised in Counts I and III of the amended complaint.

Qualified immunity protects government officials who are sued in their individual capacities for money damages under § 1983. *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013); *Wolfe v. City of Town & Country*, 599 F. Supp. 3d 784, 790 (E.D. Mo. 2022). The qualified immunity analysis involves two inquiries: (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the violation. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "The party asserting immunity always has the burden to establish the relevant predicate facts, and at the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences." *White v. McKinley*, 519 F.3d 806, 813 (8th Cir. 2008). "[I]f there is a genuine dispute concerning predicate facts material to the qualified immunity issue, there can be no summary judgment." *Morris v. Zefferi*, 601 F.3d 805, 808 (8th Cir. 2010) (internal quotation marks omitted) (alteration in *Morris*).

At all times relevant to Simon's allegations, the law was clearly established that a government official may not retaliate against an individual for his exercise of his First Amendment right to free speech by inducing another to take adverse

action against him on account of such speech where the adverse action would not have otherwise occurred. *See Hartman v. Moore*, 547 U.S. 250 (2006); *Scott v. Tempelmeyer*, 867 F.3d 1067, 1070-71 (8th Cir. 2017). *See also Waters v. Churchill*, 511 U.S. 661, 674-75 (1994) (Speech by private people can interfere with government's operation, "but this does not allow the government to suppress it. . . . The government cannot restrict the speech of the public at large just in the name of efficiency."). This prohibition extends to government actions directed to private entities who depend on government sources for their income. *Cf. O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712 (1996) (in exercising discretion to terminate an at-will relationship, government officials cannot impose conditions on expressing, or not expressing, specific political views).

Likewise, the law was clearly established that because an at-will employee has a right enforceable in law against third parties who unlawfully interfere with his employment relation, that employee's right to continue in employment is sufficient to give him a constitutional cause of action challenging state action that compelled his employer to fire him. *See Truax v. Raich*, 239 U.S. 33, 38 (1915). "[T]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment . . . ." *Green v. McElroy*, 360 U.S. 474, 492 (1959). *See also Chernin v. Lyng*, 874 F.2d 501, 505 (8th Cir. 1989)

(recognizing that the Supreme Court has "continued to hold that both employees and employers have an interest in the employment relation protected from arbitrary government action by the Due Process Clause.") (citing *Greene*, 360 U.S. at 492).

Upon review of the materials submitted by the parties, and according plaintiff Simon the benefit of all reasonable inferences, I conclude that there remain genuine issues of dispute concerning predicate facts material to the issue of qualified immunity on Simon's retaliation and due process claims, including but not limited to: the details of Simon's conduct and the nature of his statements made at and during the decommissioning of the Riverfront encampment on March 24, 2023; the truthfulness of Scoggin's representations to Jones and other City officials regarding Simon's conduct and statements at and during the Riverfront decommissioning; whether Jones threatened funding to SPC if it did not take adverse employment action against Simon, the information upon which Jones relied in making the alleged threat, and SPC's understanding of Jones's ability and/or authority to affect its funding; and who at SPC made the decision to terminate Simon's employment, the reason(s) for termination, and the extent to which the information Jones conveyed to SPC influenced that decision.

Because the record before the Court shows, at the very least, triable issues of fact on the questions of whether Simon's conduct and speech were protected by the First Amendment, and whether and to what extent Jones and Scoggin interfered

with Simon's employment interest either arbitrarily or because of his speech, granting defendants summary judgment on the basis of qualified immunity is inappropriate.

Count IV – Tortious Interference

Likewise, because genuine issues of material fact exist on the question of whether Scoggin acted in bad faith or with malice in his representations of Simon's behavior at and during the Riverfront decommissioning, and whether Jones acted in bad faith or with malice in her alleged threats to SPC that public funding would be withheld if it did not take adverse employment action against Simon, I will deny defendants summary judgment on their assertion that they are entitled to official immunity on Simon's state law claim of tortious interference with employment relationship.

Damages

Finally, I will deny defendants' motion for summary judgment to the extent they argue that Simon cannot recover on his § 1983 claims because he cannot show that he suffered any damages from defendants' actions. As an initial matter, I note that defendants fail to comply with Local Rule 4.01(E) in this regard by failing to include in its Statement of Uncontroverted Material Facts any statement or citation to the record to support their assertion. Although it is not my duty to scour the record to find evidence supporting a party's position on summary judgment, the

record nevertheless appears to show that genuine issues of material fact exist as to defendants' damages assertion as well.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Tishaura Oneda Jones and Yusef Scoggin's Motion for Summary Judgment [53] is **GRANTED in part and DENIED in part** as set forth in this Memorandum and Order, to wit:

Defendants Tishaura Oneda Jones and Yusef Scoggin are **GRANTED** summary judgment on 1) the entirety of the claim raised in Count II of plaintiff Yitzchak Simon's amended complaint, and 2) the claims raised in Counts I and III of the amended complaint to the extent they are brought against the defendants in their official capacities. In all other respects, defendants' Motion for Summary Judgment is **DENIED.**

This case remains set for jury trial on the two-week docket beginning May 5, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2025.